UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARK ADAMS | : | |
|     Plaintiff | : | CIVIL ACTION NO. 3:06CV01166 (HBF) |
| v. | : | |
| YALE NEW HAVEN HOSPITAL | : | |
|     Defendant | : | OCTOBER 28, 2011 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S BRIEF**

The defendant hereby responds to the plaintiff's brief dated October 3, 2011.

**I.    Procedural Background**

The plaintiff instituted the present action by way of a complaint dated July 27, 2006, alleging that the defendant discriminated against him based on his race and gender and in retaliation for his complaints of discrimination in violation of Title VII and 42 U.S.C. § 1981. (Complaint, at ¶¶ 34, 37-38.)[1] A jury trial commenced on February 11, 2008. On February 15, 2008, the Court granted the defendant's motion for a directed verdict as to the plaintiff's (1) Title VII and CFEPA claims of racial and gender discrimination resulting in the plaintiff's involuntary transfer to the Department of Medicine; (2) Title VII and CFEPA claims of gender discrimination based on the disparate treatment of Heather Orozco; (3) retaliatory claims of failure to hire the plaintiff into the Lead Physician Associate position, motivated by his filing of complaints alleging racial and gender discrimination under Title VII; and (4)

---

[1] The plaintiff also brought state claims of violation of Connecticut Fair Employment Practices Act ("CFEPA") and intentional infliction of emotional distress. (Complaint, at ¶¶ 39-42.) The defendant moved to dismiss the plaintiff's intentional infliction of emotional distress claim, which motion the Court granted.

Title VII and CFEPA claims of racial discrimination in the defendant's appointment of Rita Rienzo to the Lead Physician Associate. The Court reserved decision on the defendant's motion for a directed verdict as to the plaintiff's Title VII and CFEPA claims of gender discrimination in the defendant's appointment of Rita Rienzo to the Lead Physician Associate. See, Ruling on Defendant's Motion for Directed Verdict, at pp. 1-2.

After the jury rendered a verdict in favor of the plaintiff on the plaintiff's Title VII and CFEPA claims of gender discrimination in the defendant's appointment of Rita Rienzo to the Lead Physician Associate, the defendant, pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure, moved to set aside the verdict and for judgment notwithstanding the jury verdict, or in the alternative for a new trial. On September 30, 2008, the Court granted the defendant's motion to set aside the verdict and for a new trial. In its written decision dated January 20, 2011, the Court found that the evidence did not support the jury's conclusions that (1) the plaintiff was qualified for the Lead Physician Associate position; (2) that the plaintiff's gender motivated the defendant to appoint Rita Rienzo as the Lead Physician Associate; (3) the plaintiff suffered an adverse employment action; or (4) the defendant's failure to promote the plaintiff was due to gender discrimination. (Ruling on Post-Trial Motions, at pp. 7-8, 11, 13.) Although the Court concluded that the defendant was entitled to judgment as a matter of law, it ordered a new trial on the gender discrimination claim. See, Ruling on Post-Trial Motions, at p. 16.

During a pre-trial conference, the Court agreed to allow the plaintiff to brief his position that he was entitled to a new trial on all of the claims raised by his complaint, not simply the gender discrimination claim that was submitted to the jury, and his opposition to

2

the defendant's request to file a motion for summary judgment on the gender discrimination claim. The plaintiff submitted that brief on October 3, 2011. The defendant hereby responds.[2]

## II. Argument

### A. Granting a Partial New Trial is Appropriate.

The plaintiff has not presented any case law or other authority for his position that he is entitled to a new trial on all of the claims in his complaint, as opposed to only the gender discrimination claim that was submitted to the jury. Instead, he argues that the Court "improperly granted the defendant's motion for a directed verdict on the issue of the involuntary transfer and the issues of the defendant's disparate treatment of the plaintiff and the white female Physician Associate Heather Orozco, and left the plaintiff with the only argument that he suffered gender discrimination based on 'the defendant's appointment of Rita Rienzo to the Lead Physician Associate position.'" (Pl.'s Brief, at p. 23.) He further claims that the Court "impermissibly made determinations of fact and "usurp[ed] the role of the jury." The plaintiff requests the Court to "remedy that flaw" by granting the plaintiff a

---

[2] In Section IIIA, the plaintiff argues that he presented sufficient evidence at trial to prove his claims and that the Court should reverse its decision to set aside the verdict and enter judgment in accordance with the jury's verdict. The plaintiff had an opportunity to advance these arguments in his Objection to Motion to Set Aside the Verdict and For Entry of Judgment Notwithstanding the Verdict or in the Alternative for a New Trial dated April 7, 2008. The purpose of the plaintiff's brief dated October 3, 2011 was for the plaintiff to present "authority to support his position that plaintiff is entitled to a new trial on all the claims raised by his complaint, not simply the gender discrimination claim submitted to the jury; plaintiff will also brief his opposition to defendant's request to file a motion for summary judgment on the gender discrimination claim." See, June 28, 2011 Scheduling Order. Since the Court did not give the plaintiff permission to re-argue the Motion to Set Aside the Verdict, defendant will not respond to the plaintiff's argument that the Court should reverse the decision to set-aside the verdict. That issue has been fully briefed by both the parties, and the Court has already ruled.

3

new trial on all of the claims raised in his complaint. (Pl.'s Brief, at p. 24.) He asserts that denying him the opportunity to present all of his claims in the new trial "would unreasonably narrow the issues, artificially limit the facts and circumstances of the discriminatory conduct [and] is tantamount to denying the plaintiff any trial at all." (Pl.'s Brief, at p. 23.)

First, the Court acted in accordance with the Federal Rules of Civil Procedure when it granted in part the defendant's motion for a directed verdict. If a party has been fully heard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the Court should resolve the issue against the party and grant a motion for judgment as a matter of law against the party on the claim. Fed. R. Civ. P. 50(a)(1). In granting in part the defendant's motion for a directed verdict, the Court did not make findings of fact and usurp the role of the jury. Rather, it determined that, as a matter of law, a jury could not reasonably find for the plaintiff on his claims for racial discrimination and retaliation. That determination was a proper one for the Court.

Second, the plaintiff will not be prevented from presenting the facts and circumstances of the discriminatory conduct if the new trial is limited to only the gender discrimination claim that was submitted to the jury. The plaintiff will not in any way be restricted in offering evidence of gender discrimination in a new trial which does not include a claim of race discrimination. Consequently, limiting the new trial to the gender discrimination claim does not unreasonably narrow the issues or artificially limit the facts and circumstances of the alleged discriminatory conduct.

Third, it should be noted that the Court concluded, as a matter of law, that the plaintiff's evidence at the trial was also insufficient to make out a claim of gender discrimination. Despite that finding, the Court granted a new trial "so that plaintiff may focus his presentation of the evidence on the gender discrimination claim and the Court, with the assistance of counsel, may provide the jury with comprehensive instructions which will facilitate the jury's consideration of the legal theories relied upon by both parties." (Ruling on Post-Trial Motions, at p. 16.)  To put it another way, the Court could – and the defendant submitted that the Court should – have simply set aside the verdict and enter judgment in the favor of the defendant. Instead, what can only be characterized as an act of charity towards the plaintiff, the Court permitted the plaintiff to "refocus" his case on the gender discrimination claim. The limitation of the new trial to only the gender claim comports with the Court's preliminary ruling in this case and should not be re-visited.

Contrary to the plaintiff's position, the Federal Rules of Civil Procedure clearly allow for a partial new trial. See, Akermanis v. Sea-Land Service, Inc., 688 F.2d 898, 906 (1982), *cert. denied*, Sea-Land Service, Inc. v. Akermanis, 461 U.S. 927 (1983) ("Rule 59(a) permits partial retrial of distinct issues…."); Rivera v. Farrell Lines, Inc., 474 F.2d 255, 259 (2d Cir. 1973) ("Fed. R. Civ. P. 59(a) permits a remand for a partial new trial.")  Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure establishes the grounds for the granting of a new trial and then explicitly provides:  "The court may, on motion, grant a new trial on all or some of the issues …" (Emphasis added.)  A partial new trial is proper where "the issue to be retried is sufficiently distinct from the other issues that a separate trial may be had without injustice." Martell v. Boardwalk Enterprises, Inc., 748 F.2d 740, 756 (2d Cir. 1984), citing,

Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 500 (1931).  Second Circuit courts have allowed partial new trials.  In Mitrione v. Monroe, 2010 WL 1539719 *3 (N.D.N.Y. April 19, 2010), the defendants moved for judgment as a matter of law and/or a new trial or in the alternative that the damages award be reduced as excessive.  The district court granted a new trial on the questions of the defendants' negligence and the apportionment of fault, but found that the jury's determination of damages was not affected by the error and the jury's finding of the total damages would be retained in the new trial.  Id. at *5, 10.  See also, Carney v. Inter-Continental Hotels Corporation, 1998 WL 684856 (S.D.N.Y. September 30, 1998) (finding that the issues of past lost wages and benefits and future lost wages and benefits were separate and distinct from the issues of liability and damages for past and future injury, pain, and suffering and limiting the new trial to the issues of past lost wages and benefits and future lost wages and benefits.); Martell v. Boardwalk Enterprises, Inc., 748 F.2d 740 (2d Cir. 1984) (limiting new trial to question of damages).

The present plaintiff alleges that the defendant discriminated against him on the basis of his race and gender and retaliated against him because of his complaints about discrimination.  Although based upon the same set of facts, each of these claims is distinct. See, Adams v. New Jersey Transit Rail Operations, 2000 WL 224107 *11 (S.D.N.Y. February 28, 2000) ("Her retaliation claim is separate and distinct from her gender and race discrimination claims."); Williams v. Borough of Manhattan Community College, 1996 WL 457322 *8 (S.D.N.Y. August 14, 1996), *aff'd*, Williams v. Borough of Manhattan Community College, 113 F.3d 1230 (2d Cir. 1997) ("While some types of discrimination claims may be reasonably related to others…and therefore not require filing of a separate

6

charge of discrimination, there is no basis for believing that race or color discrimination and gender discrimination go hand-in-hand."); Harris v. New York City Dept. of Homeless Services Eligibility Investigation Unit, 1998 WL 205334 *9 (S.D.N.Y. April 28, 1998), *aff'd*, Harris v. New York City Dept. of Homeless Services, Eligibility Investigation Unit (EIU), 181 F.3d 82 (2d Cir. 1999) ("Plaintiff's retaliation charge is separate and distinct from his gender discrimination claims.")  Proof of the present plaintiff's gender discrimination claim is not dependent on proof of his racial discrimination or retaliation claims.  Indeed, the very reason the Court granted the new trial on the gender discrimination claim was the Court's perception that the plaintiff had not focused on the gender discrimination claim in the first trial.  To permit the plaintiff to re-litigate anything other than the gender discrimination claim would not only be inconsistent with the Court's prior ruling, but would actually frustrate the purpose of permitting the plaintiff to concentrate only on the gender discrimination claim.  Since the gender discrimination claim is distinct from the racial discrimination and retaliation claims, a partial new trial limited to the gender discrimination claim is appropriate.

    **B.**  **Allowing the Defendant to Move for Summary Judgment is Appropriate.**

The defendant has requested permission to move for summary judgment on the plaintiff's gender discrimination claim.  While the plaintiff objects, he does not provide any authority for his position that the defendant is unable to move for summary judgment in light of the Court's granting of a new trial.  In his argument opposing the defendant's request to move for summary judgment, the plaintiff sets forth the standards for granting a directed verdict under Rule 50(a) of the Federal Rules of Civil Procedure and for granting a new trial under Rule 50(b) of the Federal Rules of Civil Procedure and observes that the standard for

summary judgment mirrors the standard for granting a directed verdict. He then claims that the defendant waived its right to move for summary judgment at this time because it did not file a motion for summary judgment prior to the initial trial. The plaintiff offered no case law or other authority for this position and the defendant's research did not produce any. (Pl.'s Brief, at pp. 24-25.)

The plaintiff maintains that "the Court determined that it would not be appropriate to grant judgment notwithstanding the verdict on this issue, and in doing so admitted that summary judgment (which has the same standard as judgment notwithstanding the verdict) would be equally unjust." (Pl.'s Brief, at pp. 25-26.) There is no mention of a motion for summary judgment anywhere in the Court's opinion, much less a conclusion that allowing the defendant to move for summary judgment would be unjust.

The granting of a new trial does not preclude a party from moving for summary judgment. Indeed, the Second Circuit has affirmed the granting of a summary judgment motion that was filed subsequent to the granting of a motion for a new trial. In Amorgianos v. National Railroad Passenger Corporation, 303 F.3d 256, 260 (2002), the plaintiffs sought to recover for injuries the husband plaintiff sustained as a result of toxic chemical exposure that occurred while he was painting a bridge at a job site overseen by the defendant. After the jury entered a verdict in the plaintiffs', the defendant filed a motion for judgment as a matter of law or for a new trial. The district court denied the motion for judgment as a matter of law, but granted the motion for a new trial. Id. at 260.

In anticipation of a second trial, the plaintiff offered two experts who had testified at the first trial as well as an additional expert. The defendant filed a Daubert motion to

preclude the testimony of all three experts, which the court granted in part. After the district court precluded all of the plaintiff's experts from testifying on general causation, the district court granted the defendant leave to move for summary judgment with respect to certain claims. The district court thereafter granted the defendant's motion for summary judgment with respect to all of the plaintiffs' claims. Id. at 260-61. On appeal, the Court of Appeals affirmed the district court's granting of the defendant's motion for summary judgment. Id. at 270-71. See also, Rodriguez v. Olaf Pedersen's Rederi A/S, 387 F.Supp. 754 (D.C.N.Y. 1974), *aff'd* 527 F.2d 1282 (2d Cir. 1975), *cert denied*, American Stevedores, Inc. v. Olaf Pedersen's Rederi A/S, 425 U.S. 951 (1976) (granting the defendant's motion for summary judgment after having denied the defendant's motion for judgment notwithstanding the verdict and granting the alternative motion for a new trial; Second Circuit affirmed the trial court's judgment.)

In Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557 (7th Cir. 1985), the plaintiff brought a breach of contract action seeking to recover commissions owed to it pursuant to the termination provisions of the contract. After a bench trial, the district court found that the defendant had terminated the agreement for cause and the plaintiff was only entitled to restitution for work completed prior to the termination of the agreement. The plaintiff appealed and the Court of Appeals held that the defendant had not had cause to repudiate the contract and the contract's termination provisions applied. The Court of Appeals remanded the case for a determination of damages. On remand, the plaintiff moved for summary judgment. The defendant opposed the motion in part because the case had been remanded for a new trial on the issues of damages, and therefore summary

judgment was precluded as a matter of law. The district court disagreed and granted the plaintiff's motion for summary judgment, awarding damages and interest. Id. at 558-59.

On appeal, the defendant argued that because the Court of Appeals had previously remanded for a new trial on the issue of damages, the district court was without power to decide the damages issue on a motion for summary judgment. The Court of Appeals concluded that its decision remanding the case for a new trial on damages did not indicate that a trial was necessary. It cited Shelkofsky v. Broughton, 388 F.2d 977 (5th Cir. 1968) for the proposition that "remand for a jury trial does not mandate submission of the case to [a] jury if otherwise inappropriate." Id. at 559. The Court of Appeals further noted that "[w]here no material factual issues are present, a summary judgment proceeding is the functional equivalent of a new trial; under such circumstances a full-scale trial is neither necessary nor helpful." Id. The Court of Appeals then affirmed the judgment of the district court. Id. at 561. See also, Perlmutter v. United States Gypsum Co., 54 F.3d 659 (10th Cir. 1995) (affirming granting of summary judgment following a remand for a new trial; "[a] mandate from [an appellate] court ordering a new trial does not preclude the district court from entering summary judgment if all of the appropriate requirements are met."); Dow Corning Wright Corporation v. Osteonics Corporation, 939 F.Supp. 65 (D.Mass 1996) (granting summary judgment on remand for a new trial).

The case law demonstrates that the granting of a new trial does not preclude a defendant from moving for summary judgment. Therefore, the present defendant should be granted leave to move for summary judgment.

### III. Conclusion

It is clear that Rule 59 of the Federal Rules of Civil Procedure contemplates the granting of a partial new trial. Since the gender discrimination claim is distinct from the plaintiff's racial discrimination and retaliation claims, the plaintiff is not entitled to a new trial on all of the claims raised by his complaint. The case law also demonstrates that it is appropriate for a defendant to move for summary judgment following the granting of a new trial. Therefore, the plaintiff's request for a new trial on all for the claims raised by his complaint and his objection to the defendant's request for leave to move for summary judgment should be denied.

THE DEFENDANT
YALE NEW HAVEN HOSPITAL


BY:_____/s/_____
Patrick M. Noonan  (ct00189)
Colleen Noonan Davis (ct27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing Defendant's Response to Plaintiff's Brief was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                                                 _____/s/_____
                                                                                 Patrick M. Noonan