```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

CLARK ADAMS                    :
                               :
                               :
                               :
v.                             :   CIV. NO. 3:06CV1166(HBF)
                               :
YALE-NEW HAVEN HOSPITAL        :
                               :
                               :
                               :
```

RULING ON MOTION FOR NEW TRIAL

Clark Adams, a male African-American physician's assistant ("P.A."), filed a complaint against Yale-New Haven Hospital, alleging that YNHH discriminated against him on the basis of his race and gender and retaliated for his complaints of discrimination in violation of Title VII and 42 U.S.C. §1981 when it awarded a Lead Physician's Assistant position to Rita Rienzo. A jury trial commenced on February 11, 2008. On February 14, 2008, the Court granted the defendant's motion for a directed verdict as to plaintiff's Title VII and Connecticut Fair Employment Practices Act ("CFEPA") race discrimination claims and reserved decision on plaintiff's claims of gender discrimination. At trial, a jury found in plaintiff's favor on his gender discrimination claim, the only claim presented to the jury. YNHH moved to set aside the verdict and for judgment notwithstanding the jury verdict or, in the alternative, for a

1

new trial. On September 30, 2008, the Court granted the defendant's motion to set aside the verdict and for a new trial. [Doc. #114]. In a written opinion, the Court found that the evidence at trial did <u>not</u> support the jury's verdict that: (1) plaintiff was "qualified" for the position awarded to Ms. Rienzo; [doc. #119 at 7]; (2) plaintiff's gender motivated YNHH's decision to appoint Rienzo [doc. #119 at 8]; (3) plaintiff suffered an adverse employment action [doc. #119 at 11]; and (4) defendant's failure to promote was due to gender discrimination. [Doc. #119 at 13]. Although the Court concluded that YNHH was entitled to judgment as a matter of law based on the trial record, a new trial was ordered solely on the gender discrimination claim.

> The thorny issue presented by the post trial motions in this case is not the propriety of setting aside the jury's verdict. For the reasons discussed above, it is not supported by adequate evidence of a critical element of the claim-that plaintiff was "qualified" for the position awarded to Ms. Rienzo, as that term is defined in the relevant cases. Rather, the close and difficult decision is whether plaintiff should have the opportunity to repair that lack of evidence at a new trial, or whether defendants are entitled to judgment as a matter of law. On the current record, it is questionable whether there is sufficient evidence to permit a jury to consider it. However, giving all benefit of the doubt to plaintiff, the Court in its discretion concludes that there may be evidence available which would enable plaintiff to meet the legal requirements for a case of gender discrimination, and that it is in the interest of justice to let him try.

[Doc. #119 at 16-17].

At a pre-trial conference on June 20, 2011, the Court granted leave for plaintiff to argue that he was entitled to a new trial on all the claims raised in the complaint and not simply the gender discrimination claim that was submitted to the jury and to oppose defendant's request for leave to file a motion for summary judgment on the gender discrimination claim. Plaintiff filed his brief on October 3, 2011. [Doc. #140]. Defendant filed a response on October 31, 2011. [Doc. #141].

1.  Request for a New Trial on All Claims

Plaintiff's request for a new trial on all the claims alleged in his complaint is **DENIED** for the reasons stated at trial, [doc. #82], and in the Court's ruling on post-trial motions. [Doc. #119].  Plaintiff has presented no authority to support his position that he should be permitted to retry the claims alleging racial discrimination and retaliation.  To the extent that plaintiff seeks reconsideration of the Court's rulings on directed verdict and in the ruling on post-judgment motions, reconsideration is GRANTED. Upon reconsideration, the Court affirms its prior rulings. [Doc. #119]. Plaintiff merely restates the facts and arguments previously considered by the Court and offers no basis for the Court to reverse its prior rulings.

2.   <u>Request for Leave to File a Motion for Summary Judgment</u>

Defendant seeks leave to file a Motion for Summary Judgment on the gender discrimination claim.  The granting of a new trial does not preclude a party from moving for summary judgment. <u>See Amorgianos v. National R.R. Passenger Corp.</u>, 303 F.3d 256 (2d Cir. 2002) (affirming district court's granting of defendant's motion for new trial and subsequent motion for summary judgment); <u>Mattes v. Bally's Las Vegas</u>, No. 05-15248, 2007 WL 654619 (9th Cir. Mar. 1, 2007) (by summary order, affirming district court order setting aside the jury verdict and subsequently granting summary judgment in favor of defendants in lieu of a new trial); <u>Perlmutter v. United States Gypsum Co.</u>, 54 F.3d 659 (10th Cir. 1995) (affirming granting of summary judgment following a remand for a new trial stating "[a] mandate from [an appellate] court ordering a new trial does not preclude the district court from entering summary judgment if all of the appropriate requirements are met."); <u>Dow Corning Wright Corp. v. Osteonics Corp.</u>, 939 F. Supp. 65 (D. Mass. 1996) (granting summary judgment on remand for a new trial);  <u>Rodriguez v. Olaf Pedersen's Rederi A/S</u>, 387 F. Supp. 754 (E.D.N.Y. 1974) (granting defendant's motion for summary judgment filed after granting a new trial), <u>aff'd</u>, 526 F.2d 1282 (2d Cir. 1975).  <u>See also</u> [Def. Response, Doc. #141 at 8-10 citing cases].

Plaintiff cites no authority to support his argument that it

would be improper for this Court to grant defendant leave to file a motion for summary judgment, except to argue that the filing of the motion "would serve no purpose, and would defeat the stated purpose of the court's granting a plaintiff new trial, rendering hollow that remedy." [Doc. #140 at 24]. The Court disagrees. Summary judgment is the proper vehicle for defendant to argue that there is no genuinely disputed issue of material fact, and it is entitled to judgment as a matter of law on the gender discrimination claim.  If plaintiff can proffer evidence which will, if believed by the jury, support a finding of gender discrimination, the motion for summary judgment will be denied and the case will proceed to a retrial.

CONCLUSION

As set forth above, plaintiff's Motion for a Trial **[Doc. #140]** on all claims alleged in the complaint is **DENIED**. Plaintiff's objection to defendant's oral motion for leave to file summary judgment is **OVERRULED**.  Defendant's Oral Motion for Leave to File Summary Judgment is **GRANTED**.

Defendant will file a Motion for Summary Judgment in thirty days. Plaintiff's response is due twenty-one days thereafter.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #51] on

December 14, 2007, with appeal to the Court of Appeals.

ENTERED at Bridgeport, this 2nd day of February 2012.


```
                                      __/s/_____
                                      HOLLY B. FITZSIMMONS
                                      UNITED STATES MAGISTRATE JUDGE
```